**Ann R. FORMAN, Administratrix of the Estate of Brian Forman, Deceased, Plaintiff,**

v.

**L. Harrison PILLSBURY, M.D., Defendant.**

**Civ. A. No. 85-671 SSH.**

United States District Court, District of Columbia.

July 20, 1990.

Paul S. Blumenthal, Washington, D.C., for plaintiff.

Gary A. Godard, George Arthur McAndrews, Fairfax, Va., for defendant.

---

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

The complaint in this case was filed on February 26, 1985. Named as defendants were Dr. Pillsbury, Georgetown University Hospital, and three other physicians. Dr. Pillsbury is the only remaining defendant.

This case was stayed while a comparable cause of action was pursued by plaintiff against other health care providers in the Southern District of New York. That case since having been concluded, this Court's stay was lifted. By Order dated February 8, 1990, pursuant to a status hearing conducted two days earlier, a trial date of September 10, 1990, was set. (Pretrial was scheduled for August 23.)

On May 7, 1990, plaintiff selected a new attorney, her fourth in this case. That attorney, Paul S. Blumenthal, apparently reviewed the record and was not aware that the discovery cutoff date had passed. That is understandable; for some reason there is no document in the jacket indicating the dates which were set earlier. Defense counsel's recollection apparently was unclear; some discovery had been continuing. However, the docket sheet reflects an entry dated March 24, 1987, setting a discovery cutoff date of September 11, 1987, a pretrial date of September 16, 1987, and a trial date of October 1, 1987. (The trial, of course, later was postponed.) Plaintiff's Rule 26(b)(4) statement was filed on August 3, 1987. It identified two expert medical witnesses: Dr. Alben Goldstein and Dr. Lee Smith, Jr.

The undersigned was away from the Courthouse from June 11 until July 2, 1990 (in part at a Judicial Conference committee meeting). On June 19, 1990, plaintiff's counsel filed two pleadings. One was a Motion To Increase the Ad Damnum Clause [from $2,000,000 to $10,000,000]; the other was styled as 26(b)(4) Statements and Supplemental Answers to Defendant Pillsbury's Interrogatories. The latter pleading sought in part to introduce, more than five years after the complaint was filed and more than three years after the original Rule 26(b)(4) statements were filed, four new expert witnesses: two physicians, a pharmacologist, and an econometrician. June 28 saw the filing of Defendant's Motion To Exclude Plaintiff's Newly Identified Experts, and His Opposition to Plaintiff's Motion To Increase Ad Damnum Clause. Plaintiff opposed defendant's pleading on July 5, and on July 12 plaintiff filed an affidavit asserting that Dr. Smith, one of plaintiff's two long-identified expert medical witnesses, is unwilling to testify in this case.[1]

The Court does not fault plaintiff (herself an attorney) for having utilized four successive lawyers, although that fact may not be ignored.[2] Similarly, the Court does not question the good faith and conscientiousness of plaintiff's most recent attorney. Nonetheless, defendants have no lesser rights than plaintiffs. This litigation already has been lengthy and expensive. It may be unfortunate for plaintiff that one of her experts (who apparently testified in the New York case) has taken the position that he will not testify against Dr. Pillsbury in this case.[3] Nontheless, with less than two months remaining before a long-scheduled trial date in an unusually old case, and with an overall docket which is extremely crowded, the Court is unwilling to acquiesce in launching a new bout of discovery and permitting a further protraction of this litigation. Exercising "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962), it hereby is

---

**1.** In addition to having access to the entire file, the Court met yesterday informally with plaintiff and counsel for both sides to be certain that all positions were fully expressed.

**2.** At least one of the changes in attorneys was for reasons beyond plaintiff's control.

**3.** It is not at all uncommon for a plaintiff in a medical malpractice case to have just one expert medical witness.

ORDERED, that Defendant's Motion To Exclude Plaintiff's Newly Identified Experts is granted. It hereby further is

ORDERED, that plaintiff's Motion To Increase Ad Damnum Clause is denied. It hereby further is

ORDERED, that barring extraordinary circumstances not now anticipated, the trial shall proceed as scheduled.

SO ORDERED.